1 | RALPH A. ZAPPALA, SB# 102052
    E-Mail: zappala@lbbslaw.com
2 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
    One Sansome Street, Suite 1400
3 | San Francisco, California 94104-4448
    Telephone: (415) 362-2580
4 | Facsimile: (415) 434-0882

5 | ELISE D. KLEIN, SB# 111712
    E-Mail: klein@lbbslaw.com
6 | KRISTIN KYLE DE BAUTISTA, SB# 221750
    E-Mail: kyledebautista@lbbslaw.com
7 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
    221 North Figueroa Street, Suite 1200
8 | Los Angeles, California 90012
    Telephone: (213) 250-1800
9 | Facsimile: (213) 250-7900

10 | Attorneys for Defendant DOCTORS MANAGEMENT
     COMPANY LONG TERM DISABILITY PLAN

11

12 | UNITED STATES DISTRICT COURT

13 | NORTHERN DISTRICT OF CALIFORNIA

14

15 | LOVEY MARTIN,                              ) CASE NO. CV 07-5952 CW

16 |               Plaintiff,                   ) [Assigned for all purposes to the
                                                ) Honorable Claudia Wilken; Ctrm 2]
17 |        v.                                  )
                                                ) **ANSWER TO COMPLAINT**
18 | DOCTORS MANAGEMENT                         )
     COMPANY LONG TERM                          )
19 | DISABILITY PLAN,                           ) ACTION FILED:        11/26/07
                                                )
20 |               Defendant.                   )

21

22 | Defendant Doctors Management Company Long Term Disability Plan

23 | (hereinafter "the Plan"), for itself alone, hereby answers plaintiff's complaint for

24 | ERISA benefits as follows:

25 |        1. Responding to paragraph 1, the Plan admits that the action is brought under

26 | 29 U.S. C. §§ 1132(a)(1)(B), (e) and (g) of the Employee Retirement Income Security

27 | Act of 1974 (hereinafter "ERISA") as it involves a claim for benefits under an

28 | employee benefit plan regulated and governed under ERISA. The Plan further

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1   admits that this action involves a federal question. The Plan also admits that it

2   resides or may be found within the district where this action was filed. The Plan

3   lacks sufficient information to admit or deny the remaining allegations contained in

4   paragraph 1 of the complaint, and on that basis denies each and every remaining

5   allegation contained in that paragraph.

6       2. Responding to paragraph 2 of the complaint, the Plan is informed and

7   believes that Plaintiff Lovey Martin was an employee of Doctors Management

8   Company. The Plan admits that Doctors Management Company established a long

9   term disability plan for certain of its employees. The Plan admits that Doctors

10  Management Company purchased a group long term disability contract issued by

11  Prudential Insurance Company of America. The Plan further admits that it was and

12  is an employee benefit plan as defined by 29 U.S.C. § 1002(3). The Plan asserts that

13  plaintiff's characterization of Prudential Insurance Company of America's role with

14  respect to the long term disability plan calls for legal conclusion.

15      3. Responding to paragraph 3 of the complaint, the Plan is informed and

16  believes and on that basis denies that plaintiff was disabled according to the terms of

17  the Prudential policy and denies that plaintiff was eligible for benefits under the

18  Plan. The Plan lacks sufficient information to admit or deny the remaining

19  allegations contained in paragraph 3 of the complaint, and on that basis denies each

20  and every remaining allegation contained in that paragraph.

21      4. Responding to paragraph 4 of the complaint, the Plan is informed and

22  believes and on that basis denies that plaintiff was disabled within the meaning of the

23  Plan. The Plan is informed and believes that in approximately May 2005, plaintiff

24  Lovey Martin submitted a claim for long term disability benefits to Prudential

25  Insurance Company of America. The Plan lacks sufficient information to admit or

26  deny the remaining allegations contained in paragraph 4 of the complaint, and on that

27  basis denies each and every remaining allegation contained in that paragraph.

28      5. Responding to paragraph 5 of the complaint, the Plan admits that, on

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  October 17, 2005, Prudential Insurance Company of America wrote a letter denying
2  Plaintiff's claim for long term disability benefits.  The Plan denies each and every
3  remaining allegation contained in paragraph 5 of the complaint.

4      6.  The Plan lacks sufficient information to admit or deny the allegations
5  contained in paragraph 6 of the complaint, and on that basis denies each and every
6  allegation contained in that paragraph.

7      7.  The Plan is informed and believes and on that basis denies that Prudential
8  has persisted in an improper and wrongful denial of long term disability benefits to
9  plaintiff.  The Plan lacks sufficient information to admit or deny the allegations
10  contained in paragraph 7 of the complaint, and on that basis denies each and every
11  allegation contained in that paragraph.

12      8.  The Plan lacks sufficient information to admit or deny the allegations
13  contained in paragraph 8 of the complaint, and on that basis denies each and every
14  allegation contained in that paragraph.

15      9.   The Plan is informed and believes and on that basis denies that Prudential
16  has persisted in an improper and wrongful denial of long term disability benefits to
17  plaintiff.  The Plan lacks sufficient information to admit or deny the allegations
18  contained in paragraph 9 of the complaint, and on that basis denies each and every
19  allegation contained in that paragraph.

20      10.  The Plan is informed and believes and on that basis denies that Prudential
21  has persisted in an improper and wrongful denial of long term disability benefits to
22  plaintiff. The Plan lacks sufficient information to admit or deny the remaining
23  allegations contained in paragraph 10 of the complaint, and on that basis denies each
24  and every remaining allegation contained in that paragraph.

25      11.  The Plan refers to and incorporates its responses to paragraphs 1 through
26  10 herein by reference as though fully set forth herein.

27      12.   The Plan denies each and every allegation contained in paragraph 12 of
28  the complaint.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

13.  The Plan denies each and every allegation contained in paragraph 13 of the complaint.

14.  The Plan denies that plaintiffs are entitled to each and every request for relief contained in paragraphs 1 through 3 of the Prayer for Relief, or to any relief at all.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denials, the Plan asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

15.  The Complaint and each and every claim for relief alleged therein fail to state facts sufficient to constitute a claim for relief.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

16.  If Plaintiff sustained any damages as alleged in his Complaint, that damage was proximately caused and/or contributed to by his failure to mitigate his damages.  Plaintiff's failure to mitigate damages diminishes or bars recovery herein by plaintiff.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

17.  Plaintiff failed to exhaust his administrative remedies available under the written Plan document and pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") [29 U.S.C. 1001, *et seq.*] prior to initiating this action.

### FOURTH AFFIRMATIVE DEFENSE
### (Prudence of the Plan)

18.  At all times relevant herein, the Plan acted reasonably and prudently with respect to this matter.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Perform)

19.    Plaintiff failed to meet or perform all the necessary covenants, conditions, obligations and/or promises required to be performed in accordance with the terms and conditions of the long term disability plan at issue in this action.

## SIXTH AFFIRMATIVE DEFENSE

### (Excuse)

20.    Plaintiff has expressly or impliedly by operation of law excused the Plan from any and all obligations, if any, relating to the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification)

21.    Any conduct, actions, or omissions attributable to the Plan were at all times justified, fair and reasonable under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

### (Policy Defense - Contractual Provisions)

22.    Plaintiff is not entitled to benefits under the terms of the policy, and his claim is subject to the terms, conditions and exclusions of the policy. Moreover, any benefits are subject to offset in accordance with the terms of the policy.

## NINTH AFFIRMATIVE DEFENSE

### (Standard of Review)

23.    The decision of the claims administrator is entitled to deference, and any such decision should be based on the administrative record.

## TENTH AFFIRMATIVE DEFENSE

### (Release)

24.    Plaintiff has knowingly released the Plan from any and all liability and from any and all rights to benefits as alleged in the Complaint.

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Indispensable Party)

3        25.    Plaintiff's Complaint fails to join an indispensable party who will be

4   responsible for the payment of benefits at issue here, and cause or contributed to

5   plaintiff's claimed damages, if any.

6

7

## TWELFTH AFFIRMATIVE DEFENSE

8

### (Additional Affirmative Defenses)

9        26.    The Plan presently has insufficient knowledge or information upon

10  which to form a belief as to whether it may have additional, as yet unknown,

11  affirmative defenses and thereby reserves the right to assert such further and

12  appropriate defenses upon acquiring such knowledge and information as my give rise

13  to such as yet unknown defenses.

14        WHEREFORE, the Plan prays as follows:

15    1.    That plaintiff take nothing by virtue of the Complaint on file herein;

16    2.    That judgment be entered in favor of Doctors Management Company

17            Long Term Disability Plan;

18    3.    For attorneys' fees and costs of suit incurred herein; and

19    4.    For such other and further relief as the Court deems just and proper.

20

21  DATED:  February 11, 2008        LEWIS BRISBOIS BISGAARD & SMITH LLP

22

23

24  By _____
                                Ralph A. Zappala
25                              Elise D. Klein
                                Kristin P. Kyle de Bautista
26                              Attorneys for Defendant DOCTORS
                                MANAGEMENT COMPANY LONG TERM
27                              DISABILITY PLAN

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800