Richard Johnston – SBN 124524
131-A Stony Circle, Suite 500
Santa Rosa, California  95401
Telephone      (707) 577-7422
Facsimile       (707) 837-9532

Attorneys for Plaintiff
Lovey Martin

Donald P. Sullivan – SBN 191080
DPSullivan@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California  94104
Telephone:    (415) 442-1323
Facsimile:     (415) 442-1001

Attorneys for Defendant
Doctors Management Company Long Term Disability Plan

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVEY MARTIN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DOCTORS MANAGEMENT COMPANY<br>LONG TERM DISABILITY PLAN,<br><br>                    Defendant. | Case No. C 07-5952 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Case Management Conference:**          April 22, 2008<br>**Time:**          2:00 p.m.<br>**Courtroom:**          2<br><br>Hon. Claudia Wilken |

The parties hereto submit this Joint Case Management Conference Statement.

**(1) Jurisdiction and Service.**

This is an action for disability benefits under the Employee Retirement Income Security Act (ERISA), 29 USC 1001 et. seq.  This court has subject matter jurisdiction pursuant to 29 USC 1132(e) and 28 USC 1367(a).  There are no existing issues respecting personal jurisdiction or venue.  All parties have been served and have appeared.

**(2) Facts.**

Plaintiff Lovey Martin was an employee of Doctors Management Company (DMC).  He

Joint Case Mgmt Statement
Case No. 07-05952 CW

1    was covered for long-term disability benefits under defendant Doctors Management Company

2    Long Term Disability Plan ("Plan").  In May 2005, he initiated a claim for long-term disability

3    benefits based on his asserted diagnoses of major depression, adjustment disorder, and personality

4    disorder.  In October 2005, the Plan denied benefits, pursuant to a determination by Prudential

5    Insurance Company of America, the claims administrator and insurer for the Plan.  Mr. Martin

6    appealed the denial, and Prudential affirmed the denial on administrative appeals in June 2006

7    and March 2007.  Prudential asserted in substance that available medical documentation did not

8    reveal disabling symptoms that would have prevented Mr. Martin from performing his regular

9    occupation.

10   **(3) Legal Issues.**

11          The parties anticipate legal disputes in this matter concerning the determination and

12   application of the standard of review to be applied to the denial of benefits.  Mr. Martin contends

13   review should be de novo, inasmuch as the language of the underlying group disability insurance

14   policy does not confer discretion on Prudential to determine eligibility for benefits; such language

15   is found only in the summary plan description.  Mr. Martin also believes that, assuming review is

16   to be deferential, the denial constituted an abuse of discretion pursuant to *Abatie v. Alta Health &*

17   *Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (*en banc*).  He anticipates issues relating to the

18   appropriate scope of evidence to be considered by the court in its deliberations, and whether the

19   scope of evidence is necessarily confined to the administrative record as produced by Prudential.

20   He notes as well that the Supreme Court is scheduled to hear oral argument in *MetLife v. Glenn*,

21   Supreme Court docket number 06-923, in late April, and that the decision in that case,

22   presumably forthcoming sometime this summer, could materially impact the analysis of the

23   proper standard of review and on the scope of evidence the court might consider.

24          The Plan contends that its denial of Mr. Martin's claim for benefits is to be reviewed for

25   abuse of discretion because the Plan documents, which include the Summary Plan Description,

26   confer discretion on Prudential to decide benefit claims.  The Plan further contends that its denial

27   of Mr. Martin's claim for benefits was proper regardless of the applicable standard of review.

28   / / /

**(4) Motions.**

There are no prior or pending motions.

The parties anticipate this matter will be resolved via cross-motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, or alternatively via cross-motions for judgment pursuant to Rule 52. There may also be discovery motions related to requests to be made by plaintiff.

**(5) Amendments of Pleadings.**

The parties do not anticipate adding or dismissing any parties, claims, or defenses, or to otherwise amend the pleadings absent some change in controlling law.

**(6) Evidence Preservation.**

Mr. Martin has not destroyed any evidence in his possession or control relevant to the issues reasonably evident in this action. As an individual plaintiff, he has no document-destruction program or other ongoing systematic erasures of e-mails, voice mails, and the like.

The Plan and Prudential have preserved and will continue to preserve all evidence related to this action.

**(7) Disclosures.**

The parties have and conferred, and will make initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure by Wednesday, April 23, 2008.

**(8) Discovery.**

No discovery has been taken to date.

The Plan does not presently anticipate conducting any discovery. Mr. Martin maintains that discovery is appropriate and should be allowed into a variety of issues which bear on the question of the proper application of the judicial standard of review as established by *Abatie*, *supra*, and similar authorities; the Supreme Court decision in *Glenn*, *supra*, may also impact the scope of discovery. The parties have met and conferred and anticipate there will be a need for judicial resolution of discovery issues on which agreement has not been, and is not likely to be, achieved.

/ / /

**(9) Class Actions.**

Not applicable.

**(10) Related Cases.**

There are no related cases or proceedings pending before another judge of the court or before another court or administrative body.

**(11) Relief.**

Mr. Martin seeks recovery of disability benefits under the Plan pursuant to 29 USC § 1132(a)(1)(B). Based on currently available information he approximates benefits in question at $41,000. Mr. Martin also seeks pre- and post-judgment interest, and reasonable attorney fees pursuant to 29 USC 1132(g).

The Plan seeks judgment in its favor on all claims and reserves the right to seek fees under 29 USC § 1132(g).

**(12) Settlement and ADR.**

The parties believe settlement discussions could be productive, and suggest a referral to mediation.

**(13) Consent to Magistrate Judge for All Purposes.**

The Plan does not consent to have a magistrate judge conduct all further proceedings.

**(14) Other References.**

The parties do not consider this matter to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**(15) Narrowing of Issues.**

None at this time. The parties will continue to consider, and meet and confer on any issues that arise which may streamline trial of this matter.

**(16) Expedited Schedule.**

The parties do not believe the case could be practically expedited beyond the typical time frame for resolution of cases involving disputed entitlement to ERISA benefits.

**(17) Scheduling.**

The complaint was filed November 26, 2007. Mr. Martin requests a trial date within 12

Joint Case Mgmt Statement
Case No. 07-05952 CW

1    months, and the Plan requests a trial date within 18 months, of that date.  The parties request that

2    all other deadlines be set in accordance with this court's custom and practice.

3    **(18) Trial.**

4         The parties anticipate a bench trial, or alternatively cross-motions for summary judgment

5    or for judgment under Rule 52, the hearing for which should be completed within one day.

6    **(19) Disclosure of Non-party Interested Entities or Persons.**

7         Mr. Martin is not aware of any other non-party interested entity or person.

8         Other than Prudential Insurance Company of America, the Plan is not aware of any other

9    non-party interested person or entity.

10   **(20) Other matters.**

11        The parties are presently unaware of any other matters as may facilitate the just, speedy,

12   and inexpensive disposition of this matter.  They will continue to consider ways to further

13   streamline this case and will bring any suggestions to the court should they arise.

14   Dated: April 15, 2008

15                                    /s/   Richard Johnston (as authorized on
                                             4/15/08)
16                                    Richard Johnston
                                      Attorney for Plaintiff
17                                    Lovey Martin

18

19                                    MORGAN LEWIS & BOCKIUS LLP

20

21                                     /s/ Donald P. Sullivan
22                                    By:    Donald P. Sullivan
                                      Attorneys for Defendant
23                                    Doctors management Company
                                      Long Term Disability Plan

24

25

26

27

28

                                    -5-